```
                           UNITED STATES DISTRICT COURT
                           SOUTHERN DISTRICT OF FLORIDA

                           CASE NO. 08-61918-Civ-LENARD
                           MAGISTRATE JUDGE P.A. WHITE

QUINTAN SMITH,                  :

     Petitioner,                :

v.                              :       REPORT OF
                                        MAGISTRATE JUDGE
WALTER MCNEIL                   :

     Respondent.                :
_____
```

Quintan Smith, who is presently confined at the Martin Correctional Institution at Indiantown, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his sentence in case numbers 98-6887 and 98-8439, entered in the Nineteenth Judicial Circuit Court for Broward County.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus and memorandum, the Respondent's response to an order to show cause, supplemental response and appendixes of exhibits, and Smith's Reply.

## 1. Procedural History

In case number 98-6887, Smith was charged with possession of cocaine (Count I) and resisting an officer without violence (Count II). [DE# 20, Ex. 1A]. In case number 98-8439, Smith was charged

1

with possession of a firearm by a convicted felon (Count I), carrying a concealed firearm (Count II), escape (Count III), and misdemeanor battery (Count IV). [DE# 20, Ex. 1B]. He pled guilty to all counts in both cases on September 17, 1998. [DE #14, Ex. 2].

In case number 98-6887, the court imposed a sentence of one year in Broward County Jail followed by five years on probation for resisting an officer (Count II) and withheld sentencing for the remaining counts. In case number 98-8439, the court imposed a sentence of one year in Broward County Jail followed by five years of habitual offender probation for misdemeanor battery (Count IV) and withheld sentencing on the remaining counts. [DE #14, Ex. 2].

The court revoked probation in both cases on August 23, 2001, and sentenced Smith on the previously withheld charges. In case number 98-6887, the court imposed 14.09 months imprisonment for cocaine possession (Count I). [DE# 14, Ex. 3]. In case number 98-8439, the court imposed habitual felony offender sentences of thirty years for possession of a firearm and escape (Counts I, III), and ten years for carrying a concealed firearm (Count II). [DE# 14, Ex. 3].

Smith argued on appeal that the trial court abused its discretion by finding he violated probation based on uncorroborated hearsay. [DE# 23-1, Ex. 3A]. On February 12, 2003, the Fourth District Court of Appeal affirmed in part and reversed and remanded to strike one of the three counts upon which it had revoked probation because it was based solely on hearsay. Smith v. State, 837 So. 2d 567 (Fla. 4th DCA 2003) (4D01-3328).

Smith filed a motion to correct an illegal sentence on December 10, 2001, while appeal was pending. [DE# 23-1, Ex. 4]. He

2

argued the hybrid sentence of one year of in jail plus five years of habitual offender probation was illegal and precluded the court from imposing a habitual offender sentence upon revoking probation. The court denied relief on April 4, 2002. [DE# 23-1, Ex. 5].

On March 14, 2003, Smith filed a motion for post conviction relief in which he argued: (1) counsel was ineffective for failing to (a) investigate and produce supporting documentation of charges that were nolle prosed prior to his probation violation hearing; (b) failing to object to revocation based on a violation that was not willful and substantial;(2) the hybrid sentence was illegally imposed; and (3) the thirty year habitual offender sentence was illegal pursuant to McFadden v. State, 773 So. 2d 1237 (Fla. 4th DCA 2000). [DE# 14, Ex. 6]. The court denied relief on December 12, 2003. [DE# 14, Ex. 7]. The Fourth District per curiam affirmed. Smith v. State, 902 So. 2d 812 (Fla. 4th DCA 2005) (4D04-330). The mandate issued on June 24, 2005. [DE# 14, Ex. 8].

Smith filed a second motion to correct illegal sentence on April 25, 2006, in which he argued: (1) the violation of probation sentences were not separately sentenced and therefore precluded each from being used as a separate conviction for habitual offender sentencing; and (2) the upward departure sentence was in error because Smith was not found to be a threat to the community at the original sentencing hearing and no upward departure written reasons were filed. [DE# 22, Ex. 8A]. The trial court denied relief. [DE# 22, Ex. 8C]. The Fourth District per curiam affirmed. Smith v. State, 944 So. 2d 374 (Fla. 4th DCA 2006) (4D06-2692). The mandate issued January 26, 2007. [DE# 22, Ex. 8E].

On September 18, 2007, Smith filed a third motion to correct illegal sentence, in which he again challenged his sentencing as a

3

habitual offender. [DE# 14, Ex. 9]. The court dismissed the motion as successive on October 18, 2007. [DE# 14, Ex. 9].

Smith filed a second motion for post conviction relief on December 20, 2007, in which he argued he sought to withdraw his guilty plea. [DE# 14, Ex. 10]. He claimed he received insufficient <u>Miranda</u> warnings, received improper hybrid sentences, and was improperly sentenced as a habitual offender upon probation revocation. The court denying the motion as time-barred, successive, and legally insufficient. [DE# 14, Ex. 11]. The Fourth District per curiam affirmed. <u>Smith v. State</u>, 979 So. 2d 238 (Fla. 4th DCA 2008) (4D08-628). The mandate issued May 2, 2008. [DE# 14, Ex. 12].

On June 16, 2008, Smith filed a fourth motion to correct illegal sentence in which he argued the habitual offender sentence imposed upon revocation of probation was illegal. [DE# 14, Ex. 13]. The court dismissed the motion as successive. [DE# 14, Ex. 14]. The Fourth District per curiam affirmed. <u>Smith v. State</u>, 992 So. 2d 269 (Fla. 4th DCA 2008) (4D08-3145). The mandate issued on October 17, 2008. [DE# 14, Ex. 15].

Smith filed the instant petition on November 25, 2008.[1] He argues the trial court illegally imposed a habitual offender sentence when he violated probation and instead he should have received a guidelines sentence based on the original proceedings.

## 2. Statute of Limitations

A one-year statute of limitations applies to petitions for

---

[1] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. <u>Adams v. United States</u>, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

writ of habeas corpus filed by State prisoners. See AEDPA, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or at the time when seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[2] This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional cases." See Lawrence v. Florida, 549 U.S. 327 (2007); Helton v. Sec'y, Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001) ("Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."). For equitable tolling to apply, a petitioner has the burden of proving: "(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Lawrence, 549 U.S. at 336 (citation omitted).

Smith's sentences following the revocation of his probation

---

[2] The statute provides that the limitations period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action is removed, if the applicant was prevented from filing by such action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

5

became final on March 14, 2003, when the thirty-day period for seeking an appeal under the Florida Rules of Appellate Procedure expired. See Fla. R. App. P. 9.110(b); Demps v. State, 696 So. 2d 1296, 1297, n.1 (Fla. 3 Dist. 1997) (thirty days to appeal); see also Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286 (11th Cir. 2007) (AEDPA's statute of limitations runs from the date from which both the judgement *and* *sentence* from which the petitioner is serving becomes final). He had until March 14, 2004, to file a petition for writ of habeas corpus. He filed the instant petition on November 25, 2008. Therefore, the petition is untimely unless the limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. § 2244(d)(2).

Smith filed a motion for collateral relief that was pending in State court when his sentences on probation revocation became final. Therefore AEDPA's one-year limit for seeking habeas relief was tolled until the Fourth District issued its mandate disposing of that motion on June 24, 2005. See Vedner v. Sec'y, Dep't of Corr., 268 Fed. Appx. 898 (11th Cir. 2008) (calculating AEDPA time from the date the state appellate court issues its mandate on appeal from post conviction motion). Time ran for 305 days until Smith filed a motion to correct an illegal sentence on April 25, 2006. Time began running again when the mandate issued on January 26, 2007, and ran for 229 days before Smith filed his next motion for post-conviction relief on September 18, 2007. At this point AEDPA's one-year statute of limitations had expired. Motions for collateral relief filed after the time limit expired had no tolling effect because no time remained to be tolled. See Tinker v. Moore, 255 F.3d 1331, 1332 (11th Cir. 2001).

Smith has not alleged that any "extraordinary circumstances"

6

beyond his control prevented him from filing this petition until more than five years after his sentences became final. Nor has he established that a timely filing was unavoidable even with his exercise of due diligence. See Lawrence, 421 F.3d at 1226. Indeed, the record reflects that Smith filed so many motions raising successive grounds that the State court threatened him with sanctions. [DE# 14, Ex. 14] ("The Defendant is hereby placed on notice that his continued successive attacks on the sentence herein place his *pro se* access to this Court at risk."). Under these circumstances equitable tolling does not prevent application of AEDPA's time bar. Smith is not entitled to review on the merits.

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be dismissed as untimely filed pursuant to 28 U.S.C. §2244(d)(1)-(2).

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

SIGNED this 6th day of November, 2009.

UNITED STATES MAGISTRATE JUDGE

cc: Quintan Smith, Pro Se
    DC# 962923
    Martin Correctional Institution
    1150 SW Allapattah Road
    Indiantown, FL 34956-4397

    Katherine Y. McIntire, AAG
    Department of Legal Affairs
    1515 North Flagler Drive
    Suite 900
    West Palm Beach, FL 33401